# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| MOSI TYRONE WELLS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:10-CV-93-CDL |
| | : | |
| P.T. McNIFF, SANDRA VAHTEL | : | 42 U.S.C. § 1983 |
| MASTERS OF PROFESSIONAL | : | |
| WRITING PROGRAM, SOUTHERN | : | |
| CALIFORNIA REVIEW | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiff Mosi Tyrone Wells, *pro se*, brings this action under 42 U.S.C. § 1983 claiming that Defendants were negligent, fraudulent, and caused Plaintiff emotional distress by failing to take seriously his entry in a Southern California Review writing contest. (Compl. at 2-3.) Plaintiff's complaint is frivolous and, consequently, must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## INTRODUCTION

Plaintiff filed his Complaint on August 23, 2010. In his Complaint, Plaintiff claims that he is bringing this action pursuant to 42 U.S.C. § 1983 "to redress the wrongs of the rights secured by the Constitution of the United States." (Compl. 1.) Specifically, Plaintiff claims that the Defendants, P.T. McNiff, Sandra Vahtel, the Masters of Professional Writing Program, and the Southern California Review, harmed him by (1) negligently failing to notify Plaintiff of the winners of a Southern California Review writing contest, by (2)

fraudlently failing to comply with Southern California Review's contest advertisements, and by (3) practicing false and deceptive advertising. (Compl. 3.) Plaintiff moved to proceed *in forma pauperis* ("IFP") in his civil action on August 23, 2010. His motion for IFP was granted on October 4, 2010. As Plaintiff's alleged claims are not actionable under 42 U.S.C. § 1983, Plaintiff's Complaint should be dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e), "[t]he district court must dismiss an *in forma pauperis* complaint at any time if it determines that the action 'is frivolous or malicious.'" *Thomas v. Pentagon Fed. Credit Union*, 2010 WL 3273056, at *1 (11th Cir. Aug. 19, 2010) (quoting 28 U.S.C. § 1915(e)(2)(B)(i)). An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are clearly baseless, or if it is based on an indisputably meritless legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010).

Plaintiff claims that he brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

2

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Plaintiff, however, has failed to allege that he has been deprived of a constitutionally protected right, privilege, or immunity. Moreover, even if Plaintiff had generally alleged that his constitutional rights were violated by Defendants' actions, he has failed to factually allege any action or omission by Defendants that has in any way impacted a protected right. Plaintiff does not have a constitutionally protected right to enter a private writing contest sponsored by the Southern California Review; Plaintiff does not have a constitutionally protected right to receive a free edition of the Southern California Review for entering said writing contest; and Plaintiff does not have a constitutionally protected right to notification of the winners of said writing contest. (Compl. 2.)

Plaintiff has failed to contend that his constitutional rights were violated in any way, and has consequently failed to allege an action under 42 U.S.C. § 1983. In other words, his Complaint is based on an "indisputably meritless" legal theory. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). As such, Plaintiff's Complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The Court also notes that a district court should "*sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Thomas*, 2010 WL 3273056, at *1. At most, the Court could construe Plaintiff's *pro se* Complaint as an action in negligence or fraud. *See, e.g., Tannenbaum v. United*

3

## CONCLUSION

For the aforementioned reasons, Plaintiff's Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

It is so ordered, this 4th day of October, 2010.

    S/Clay D. Land
    CLAY D. LAND
    UNITED STATES DISTRICT JUDGE

---

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining that *pro se* pleadings are to be construed liberally). Actions sounding in negligence and fraud are state court actions. Plaintiff asserts in his prayer for relief that he is entitled to only $15,000 in damages from Defendants "jointly and severally." (Compl. 3.) Therefore, even if the Court construed this action as a viable state court action, it would have to be dismissed because the Court lacks jurisdiction under 28 U.S.C. § 1332(a).

4